1  ALVERSON, TAYLOR, MORTENSEN & SANDERS
   DAVID J. MORTENSEN, ESQ.
2  Nevada Bar No. 2547
   MARJORIE E. KRATSAS, ESQ.
3  Nevada Bar No. 12934
4  6605 Grand Montecito Parkway, Suite 200
   Las Vegas, Nevada 89149
5  Phone:       (702) 384-7000
   Facsimile:   (702) 385-7000
6  **E-File: efile@alversontaylor.com**
7  Attorneys for Defendant
         *Trilogy Corporation*
8        *d/b/a Trilogy Excursions*

9                    IN THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF NEVADA
10

11  DAVID C. JAMES, JR.,

12                     Plaintiffs,

13  vs.

14  TRILOGY CORPORATION, a foreign
    corporation, dba TRILOGY EXCURSIONS,
15  DOES 1-10 and ROE CORPORATION 1-10,
16  inclusive,

17                     Defendants.

18

19  _____

    **<u>DEFENDANT TRILOGY CORPORATION'S NOTICE OF REMOVAL</u>**
20

21  TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
    DISTRICT OF NEVADA.

22
           PLEASE TAKE NOTICE that Defendant Trilogy Corporation, a foreign corporation, dba
23
24  Trilogy Excursions by and through its attorneys, ALVERSON, TAYLOR, MORTENSEN &

25  SANDERS, hereby removes this action to the United States District Court for the District of

26  Nevada.

27         The basis of the removal is as follows:

28
                                            1                          #25353/DJM:tf

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

1.    Any civil action of which the District Courts of the United States have original jurisdiction may be removed from a state court to a federal court. 28 U.S.C. 1441(a). The District Courts of the United States have original jurisdiction of all actions between the citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a)(1).

2.    This case was commenced in the County of Douglas, State of Nevada, with Plaintiff's Complaint setting forth the claim for relief upon which this action is based. Plaintiff's Complaint was served upon Defendant by process server on December 19, 2017. Pursuant to 28 U.S.C. 1446(b), copies of all process, pleadings and all orders of the Court in the State Action are attached hereto as Exhibit A.

3.    Pursuant to 28 U.S.C. 1332(a), "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs…"

4.    This action is one of a civil nature for alleged personal injury.

5.    Upon information and belief, Plaintiff DAVID C. JAMES, JR. is a citizen of the State of Nevada. See Plaintiff's Complaint at 1.

6.    Defendant Trilogy Corp. is a corporation duly incorporated in the state of Hawaii, with its principal place of business in Lahaina, Hawaii. Trilogy is a charter boat company which operates charter/tour vessels strictly within the state of Hawaii.

7.    The Defendants sued as DOES 1-10 and ROE CORPORATIONS 1-10, inclusive, are fictitious parties and are not relevant to the determination of subject matter jurisdiction. See 28 U.S.C. §1441(b)(1) ("In determining whether a civil action is removable . . . the citizenship of defendants sued under fictitious names shall be disregarded").

8.    Plaintiff seeks to recover an amount in excess of $75,000. The Complaint alleges that on or about August 11, 2015, Plaintiff was on a snorkeling excursion in the waters of

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

2

#25353/DJM:tf

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

1  Hawaii. Plaintiff alleged he was instructed to step on a platform and that he reportedly slipped on

2  a purported slippery substance and fell striking his left elbow, mid-back and the back of his head

3  on the boat's steps. Plaintiff was taken back to shore and was treated at the Maui Memorial

4  Medical Center. Plaintiff alleged that he was diagnosed with a full fracture of T12 thoracic

5  vertebra and compression fracture of L1 and L4 lumbar vertebrae with disc protrusion at L1.

6  Plaintiff reported that he was discharged from the hospital on August 12, 2015, with a TLSO

7  brace and instructions to follow-up with his Nevada physician. Upon returning to Nevada,

8  Plaintiff was treated for back and leg pain, stiffness and numbness/tingling to his legs and feet.

9  Plaintiff alleges that he has concluded treatment, but still has residual back pain, has lost $2^{1/2}$

10 inches in his height and will suffer pain for the rest of his life. Plaintiff claims that as a result of

11 his injuries, he suffers a great deal of body and mind, chronic, permanent and disabling pain to

12 general damages in excess of $10,000.00. Plaintiff also seeks an undisclosed amount of lost

13 wages, diminished future earning capacity, special damages, pre-judgment interest, costs of suit,

14 attorney's fees and other relief. See generally Plaintiff's Complaint. Therefore, based on

15 Plaintiff's alleged injuries, pain and suffering, and other damages, the amount of controversy will

16 likely exceed $75,000, pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii). See NRCP 8 ("the demand

17 shall be for damages in excess of $10,000 without further specification of amount" (internal

18 quotations omitted).

19      9.      Venue is asserted by Plaintiff to be proper in this judicial district under 28 U.S.C.

20 1441 (a) and 1446(a) and (b).This action was originally brought in the Ninth Judicial District for

21 the State of Nevada, Douglas County.

22      10.     This notice of removal is timely filed within thirty (30) days after receipt of the

23 paper that makes this case removable as required by 28 U.S.C. 1446(b), in that it is filed within

24 thirty (30) days of service of the Summons and Complaint on Defendant on December 19, 2017.

#25353/DJM:tf

11.     By removing this case to federal court, Defendant does not consent to personal jurisdiction or waive any claims, defenses or objections regarding personal jurisdiction; does not waive any claims, defense or objections regarding the timeliness of and/or deficiencies in service of process upon Defendant; does not waive any claims, defenses or objections regarding whether the State or Federal Courts of Nevada are the proper forum for this litigation; and does not waive any of its' defenses or objections under Federal Rule of Civil Procedure 12(b) or otherwise, including their right to have this dispute submitted to arbitration or decided by other means of alternative dispute resolution.

12.     Pursuant to 28 U.S.C. 1446(d), this Notice of Removal of Action will be served upon all other parties and will be filed with the Clerk of the Ninth Judicial District of Douglas County, Nevada.

DATED this 5th day of January, 2018.

ALVERSON, TAYLOR
MORTENSEN & SANDERS

DAVID J. MORTENSEN, ESQ.
Nevada Bar No. 2547
MARJORIE E. KRATSAS, ESQ.
Nevada Bar No. 12934
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
Phone:          (702) 384-7000
Facsimile:     (702) 385-7000
E-File: efile@alversontaylor.com
Attorneys for Defendant
    *Trilogy Corporation*
    *d/b/a Trilogy Excursions*

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

4

#25353/DJM:tf

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of January, 2018, the forgoing **DEFENDANT TRILOGY CORPORATION'S NOTICE OF REMOVAL** was served on the following by Electronic Service to All parties on the CM/CEF, and by depositing a copy of same in the U.S. Mail addressed as follows:

Justin M. Clouser, Esq.
CLOUSER HEMPEN WASICK
LAW GROUP, LTD.
1512 Hwy 395 N, Suite 1
Gardnerville, Nevada 89410
Attorney for *Plaintiff*

An Employee of ALVERSON, TAYLOR
MORTENSEN & SANDERS

5

#25353/DJM:tf

# Exhibit A

1  CASE NO. 17-CV-0173

2  DEPT. NO.  II

3

4

5

6                              DISTRICT COURT

7                        DOUGLAS  COUNTY, NEVADA

8

9   DAVID C. JAMES, JR.,

10

11                        Plaintiff,

12

13                 -vs-

14  TRILOGY CORPORATION, a foreign
    corporation, dba TRILOGY
15  EXCURSIONS, DOES 1-10 and ROE
    CORPORATIONS 1-10, inclusive,
16

17                        Defendant(s).

18

19                        SUMMONS - CIVIL

20  **NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
    WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.
21  READ THE INFORMATION BELOW.**

22  **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against

23  you for the relief set forth in the Complaint.

24        1.     If you intend to defend this lawsuit, within 20 days after this Summons is

25               served on you, exclusive of the day of service, you must do the following:

26               (a) File with the Clerk of this Court, whose address is shown below, a

27                   formal written response to the Complaint in accordance with the rules

28                   of the Court, with the appropriate filing fee.

                 (b) Serve a copy of your response upon the attorney whose name and

                     address is shown below.

                                                          Summons/8/9/2017

2.   Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

BOBBIE WILLIAMS
CLERK OF THE COURT

By: _____  8/10/17
Deputy Clerk                Date

_____
Justin M. Clouser, Esq.
1512 Hwy 395 N, #1
Gardnerville, NV 89410
(775) 782-2888

1038 Buckeye Road
Minden, NV 89423

**NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

2

Summons/8/9/2017

1   CASE NO.   : 17-CV-

RECEIVED

2   DEPT. NO.   :

AUG 1 0 2017

3

Douglas County
District Court Clerk

4

5                                                               D. GOELZ

6           IN THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7                       IN AND FOR THE COUNTY OF DOUGLAS

8                                           * * *

9   DAVID C. JAMES, JR.,                    )
                                            )
10                         Plaintiff,       )
                                            )
11  vs.                                     )
                                            )
12  TRILOGY CORPORATION, a foreign          )                COMPLAINT
    corporation, dba TRILOGY EXCURSIONS,    )
13  DOES 1-10 and ROE CORPORATIONS 1-10,    )
    inclusive,                              )
14                                          )
                           Defendants.      )
15                                          )

16          COMES NOW, Plaintiff, DAVID C. JAMES, JR. (hereinafter referred to as "JAMES"), by and

17  through his undersigned counsel, JUSTIN M. CLOUSER, ESQ., of the law firm of CLOUSER

18  HEMPEN WASICK LAW GROUP, LTD., and does hereby state, allege and aver as follows:

19          1.      JAMES, is a resident of Gardnerville, Nevada.

20          2.      At all times relevant hereto, Defendant, TRILOGY CORPORATION, a foreign

21  corporation, dba TRILOGY EXCURSIONS (hereinafter referred to as "TRILOGY"), whose primary

22  place of business is in the State of Hawaii, operated charter boat excursions.

23          3.      That the true names and capacities, whether individual, corporate, partnership, associate

24  or otherwise, of Defendants, DOES 1 through 10 and ROE CORPORATIONS 1 through 10, are

25  unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is

26  informed and believes and thereon alleges that each of the Defendants designated herein as DOE and

27  ROE CORPORATIONS are responsible in some manner for the events and happenings referred to and

28

                                            -1-

caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES 1 through 10 and ROE CORPORATIONS 1 through 10, when the same have been ascertained, and to join such Defendants in this action.

4.     On or about August 11, 2015, JAMES was a guest on a boat owned and operated by TRILOGY for a snorkeling excursion in the waters of Hawaii.

5.     In preparation for entering the water, JAMES was instructed to step onto the rear platform of the boat, the Trilogy Elua. There were three steps leading down to the rear platform.

6.     The rear platform was covered in a greenish substance and that was where JAMES was instructed to go. Upon descending the steps and stepping onto the rear platform JAMES' right foot slipped on the greenish substance thereby causing him to lose his balance and fall backward, striking his left elbow, mid-back and the back of his head on the steps from which he had just descended.

7.     JAMES felt an immediate shooting pain in his back and was disoriented from striking his head. The crew assisted him in getting back up the steps and led him to a bench where he soon experienced headache, nausea and blurred vision.

8.     JAMES requested that the boat return to the dock so that he could seek medical attention..

9.     JAMES was taken to the emergency room at Maui Memorial Medical Center. He complained of severe mid back pain and some numbness in his feet. He also had a burning sensation on both sides of his abdomen extending from his back. He was examined and diagnostics tests were conducted that revealed a full fracture of T12 thoracic vertebra and compression fractures of L1 and L4 lumbar vertebrae with disc protrusion at L1. He was admitted to the hospital to deal with his pain and was finally discharged on August 12, 2015, with a TLSO brace and instructions to follow up with his doctor in Nevada.

10.    Upon returning home to Nevada, JAMES saw his primary care doctor, Steven Brown, MD, who referred him to Tahoe Fracture & Orthopedic Medical Clinic where he came under the care of David Jones, MD.  At that time JAMES' complaints were back pain with leg pain, burning sensation, stiffness, and numbness/tingling in his legs and feet.  He was taking tramadol 50mg and Tylenol.  Dr. Jones ordered him to wear the TLSO brace at all times; no bending, twisting, no overhead reaching; no lifting or pulling greater than 5 pounds.

11.    JAMES has finished all treatment and has been released from his doctor's care.  He has residual pain in his back has lost about 2 ½ inches in height due to the injury and will experience back pain for the rest of his life.

## FIRST CAUSE OF ACTION

### (Negligence)

12.    JAMES incorporates by this reference all of the allegations of paragraphs 1 through 11, above, as though completely set forth herein.

13.    That at the time of the accident herein complained of, and immediately prior thereto, Defendant, TRILOGY, in breaching a duty owed to the JAMES, was negligent and careless, inter alia, in the following particulars:

A.    In failing to properly maintain the vessel so that it was reasonably safe for JAMES;

B.    In failing to properly warn JAMES as to any potential hazards on the vessel which were known or should have been known to the vessel owner and operator;

C.    In failing to keep a proper lookout for the movement of JAMES as he was instructed to move about the vessel;

14.    By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of TRILOGY, and each of them, JAMES, suffered personal injuries including, but not limited to a full fracture of T12 thoracic vertebra and compression fractures of L1 and L4 lumbar vertebrae with disc protrusion at L1, contusions and abrasions, and was otherwise

-3-

injured in and about his head, back, legs, arms, organs, and systems, and was otherwise injured and

caused to suffer great pain of body and mind, and all or some of the same is chronic and may be

permanent and disabling, all to his damage in an amount in excess of $10,000.00.

15.     By reason of the premises, and as a direct and proximate result of the aforesaid

negligence and carelessness of the Defendants, and each of them, JAMES, has incurred expenses for

medical care, treatment and expenses incidental thereto all to his detriment, in a present amount yet

undetermined at this time and thereon alleges that said expenses will continue in the future, all to his

detriment in an amount not yet ascertained.  In this regard, JAMES prays leave of the Court to insert

all of said damages herein when the same have been fully ascertained or proof thereof at the time of

trial herein.

16.     Prior to the injuries complained of herein, JAMES was an able-bodied person capable

of being gainfully employed and capable of engaging in all other activities for which he was otherwise

suited.  By reason of the premises, and as a direct and proximate result of the negligence of the said

Defendants, and each of them, JAMES, was caused to be disabled and limited and restricted in his

occupations and activities, which caused him damage in a sum not yet presently ascertainable, the

allegations of which he prays leave of Court to insert herein when the same shall be fully determined.

17.     JAMES, has been required to retain the services of an attorney to prosecute this action,

and is entitled to a reasonable attorney's fee.

18.     By reason of the premises and as a direct and proximate result of said incident

complained of herein, JAMES has incurred injuries all or some of which conditions may be permanent

and disabling in nature all to his general and compensatory damages in an amount in excess of

$10,000.00.

WHEREFORE, JAMES, expressly reserving the right herein to include all items of damage,

demand judgment against the Defendants, and each of them, as follows:

-4-

1.   General damages in an amount in excess of $10,000.00;

2.   For loss of earnings and diminished future earning capacity when the same have been fully ascertained;

3.   Special damages in an amount to be determined at the time of trial in this matter;

4.   Pre-judgment interest;

5.   Costs of this suit;

6.   Attorney's fees; and

7.   For such other and further relief as to the Court may seem just and proper in the premises.

DATED this _10th_ day of August, 2017.

CLOUSER HEMPEN WASICK
LAW GROUP, LTD.
1512 Hwy 395 N, Suite 1
Gardnerville, Nevada 89410
(775) 782-2888 – Telephone
(775) 782-2333 – Facsimile

BY: _____
JUSTIN M. CLOUSER, ESQ.
Nevada State Bar No. 2678
Attorneys for Plaintiff