ALVERSON, TAYLOR, MORTENSEN & SANDERS
DAVID J. MORTENSEN, ESQ.
Nevada Bar No. 2547
MARJORIE E. KRATSAS, ESQ.
Nevada Bar No. 12934
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
Phone: (702) 384-7000
Facsimile: (702) 385-7000
**E-File: efile@alversontaylor.com**
Attorneys for Defendant
    *Trilogy Corporation*
    *d/b/a Trilogy Excursions*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DAVID C. JAMES, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> TRILOGY CORPORATION, a foreign corporation, dba TRILOGY EXCURSIONS, DOES 1-10 and ROE CORPORATION 1-10, inclusive, <br><br> Defendants. | Civil Case No. <br> 3:18-cv-00010-MMD-WGC <br><br> **STIPULATION AND ORDER TO TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII** |

Subject to the approval of the Court, the parties, by and through their undersigned counsel, hereby submit this Stipulation and Order to Transfer Case to the United States District Court for the District of Hawaii.

**STIPULATION**

1. WHEREAS, Plaintiff DAVID C. JAMES, JR., ("Plaintiff") filed his Complaint for general negligence against Defendant TRILOGY CORPORATION, a foreign corporation, dba TRILOGY EXCURSIONS ("Defendant"), in the Ninth Judicial District of the State of Nevada, County of Douglas, on August 10, 2017.

1

#25353/DJM:tf

2. WHEREAS, Plaintiff alleged that on August 11, 2015, Plaintiff was on a boat operated by Defendant in the waters in Hawaii. Plaintiff alleged he sustained injuries while on the boat excursion and that he received medical treatment at Maui Medical Center, in Hawaii. Plaintiff alleged that he returned to Nevada following the incident to continue his medical care. See generally, Plaintiff's Complaint.

3. WHEREAS, Defendant has represented to Plaintiff that Defendant is a corporation duly incorporated in the state of Hawaii, with its principal place of business in Lahaina, Hawaii. Defendant is a charter boat company which operates charter/tour vessels strictly within the state of Hawaii.

4. WHEREAS, Defendant has represented to Plaintiff that Defendant has not appointed an agent for service of process in the state of Nevada.

5. WHEREAS, Defendant has represented to Plaintiff that Defendant has no officers, directors or employees residing or domiciled in the state of Nevada, nor is Defendant contracted with persons residing in the state of Nevada to act on any of their behalves with respect to marketing Defendant's services.

6. WHEREAS, Defendant has represented to Plaintiff that Defendant does not have any offices or comparable facilities in the state of Nevada nor does Defendant have any telephone listings or mailing addressed in the states of Nevada.

7. WHEREAS, Defendant has represented to Plaintiff that Defendant does not have any bank accounts or other tangible, personal property in the state of Nevada.

8. WHEREAS, Defendant has represented to Plaintiff that Defendant does not own or lease any real property in the state of Nevada.

9. WHEREAS, Defendant has represented to Plaintiff that Defendant does not ship or transport products, goods or services into the state of Nevada.

2 #25353/DJM:tf

10. WHEREAS, Defendant has represented to Plaintiff that Defendant does not direct any of its advertising specifically toward the state of Nevada, nor does it advertise in any publications that are directed primarily toward Nevada residents.

11. WHEREAS, Defendant has represented to Plaintiff that no meetings of Defendant's Board of Directors or shareholders have been conducted in the state of Nevada.

12. WHEREAS, Defendant has represented to Plaintiff that Defendant has not applied for any permits or licenses from any governmental units in the state of Nevada.

13. WHEREAS, Defendant has represented to Plaintiff that Defendant maintains a website, which permits limited interaction by visitors, which the main purpose being to provide general information. The website is accessible to any person with access to the World Wide Web and Defendant has never directed and/or targeted its website or directly mailed its website to anyone in the state of Nevada.

14. WHEREAS, Defendant has represented to Plaintiff that Defendant's website and the state of Nevada is not central to Defendant's business.

15. WHEREAS, Defendant has represented to Plaintiff that the acts or omissions alleged by Plaintiff against Defendant are based solely upon the alleged activities of Defendant occurring outside the state of Nevada.

16. WHEREAS, Defendant has represented to Plaintiff that Defendant's employees and representatives, witnesses, initial treating providers, business records, documents and evidence, are all located in Hawaii.

17. WHEREAS, Plaintiff has represented to Defendant that Plaintiff is a resident of Douglas County, Nevada

18. WHEREAS, Defendant timely filed its Notice of Removal on January 5,

#25353/DJM:tf

2018, and its Certificate of Interested Parties and errata to the Civil Cover Sheet on January 8, 2018.

19. WHEREAS, Defendant timely filed its Rule 12(B)(2) Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Rule 12(B)(3) Motion to Dismiss for Improper Venue and Motion to Transfer Venue, Notice of Filing Notice of Removal and its Appearance of Counsel on January 11, 2018.

20. WHEREAS, Plaintiff filed his Certificate of Interested Parties on January 11, 2018.

21. WHEREAS, 28 U.S.C., section 1404(a) grants district courts the discretion to transfer any civil action to any other district or division where it might have been brought.

22. WHEREAS, the parties agree that Plaintiff could have brought this action in the United States District Court for the District of Hawaii, because Defendant's principal place of business, all evidence, witnesses and the alleged incident occurred in Hawaii, making "a substantial part of the events or omissions giving rise to the claim" making the venue in the district proper. See 28 U.S.C. 1391(b)(2),(c).

23. WHEREAS, the parties agree that they are subject to personal jurisdiction in the United States District Court for the District of Hawaii.

24. WHEREAS, the parties agree that the agreement to transfer shall in no way be construed to have any effect or waivers on the underlying litigation or merits of the case.

25. WHEREAS, the parties agree that they shall both bear their own costs.

26. WHEREAS, for the convenience of the parties and their witnesses, and in the interest of justice, the parties agree that venue in this action should be assigned to the

United States District Court for the District of Hawaii.

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties, that, subject to the approval of the Court, this case shall be transferred to the United States District Court for the District of Hawaii.

**IT IS SO STIPULATED**

DATED this 25th day of January, 2018        DATED this 25th day of January, 2018

ALVERSON, TAYLOR                    CLOUSER HEMPEN WASICK
MORTENSEN & SANDERS                 LAW GROUP, LTD.

/s/ *David Mortensen*                /s/ *Justin Clouser*

DAVID J. MORTENSEN, ESQ.             JUSTIN M. CLOUSER, ESQ.
Nevada Bar No. 2547                  Nevada Bar No.2678
MARJORIE E. KRATSAS, ESQ.            1512 Hwy 395 N, Suite 1
Nevada Bar No. 12934                 Gardnerville, Nevada 89410
6605 Grand Montecito Parkway, Suite 200   Phone:     (775) 782-2888
Las Vegas, Nevada 89149              Fax:       (775) 782-233
Phone:      (702) 384-7000           Email: jclouser@clouserlaw.com
Facsimile:  (702) 385-7000           Attorney for *Plaintiff*
E-File: efile@alversontaylor.com
Attorneys for Defendant
   *Trilogy Corporation*
   *d/b/a Trilogy Excursions*

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY, SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

*Trilogy Corp d/b/a Trilogy Excursions adv. David C. James Jr.*
*Case No. 3:18-cv-00010-MMD-WGC*
*SAO to Transfer Case to the U.S. District Court for the District of Hawaii*

### ORDER GRANTING STIPULATION AND ORDER TO TRANSFER VENUE

Having read and considered the Stipulation filed by the parties, and good cause appearing, IT IS HEREBY ORDERED that pursuant to 28 U.S.C., section 1404, for the convenience of the parties and witnesses and in the interest of justice, this case is **TRANSFERRED** to the United States District Court for the District of Hawaii.

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: January 25, 2018

_____
UNITED STATES DISTRICT JUDGE

*Respectfully submitted by:*

ALVERSON, TAYLOR
MORTENSEN & SANDERS

/s/ *David Mortensen*
_____
DAVID J. MORTENSEN, ESQ.
Nevada Bar No. 2547
MARJORIE E. KRATSAS, ESQ.
Nevada Bar No. 12934
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
Phone: (702) 384-7000
Facsimile: (702) 385-7000
**E-File**: efile@alversontaylor.com
Attorneys for Defendant
*Trilogy Corporation*
*d/b/a Trilogy Excursions*

n:\david.grp\clients\25353\pleadings\sao transfer.docx